**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Araiza, | No. CV10-0188 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Milton Kent Mecham doing business as Mecham & Associates, Chartered, | |
| Defendant. | |

Plaintiff Alejandro Araiza seeks leave to file a second amended complaint (Doc. 32) and Defendant Mecham opposes (Doc. 35). The motion has been fully briefed, and the parties do not request oral argument. Docs. 32, 35, 37. For the reasons stated below, the Court will deny Plaintiff's motion.

Plaintiff's original complaint was filed on January 27, 2010, and alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") while collecting an alleged debt. Doc. 1. Defendant describes itself as a law firm that sues debtors on behalf of its clients. Doc. 35. On May 20, 2010, after the parties had been heard, the Court entered a case management order setting a deadline of June 18, 2010 for pleading amendments and a deadline of August 27, 2010 for the completion of discovery. Doc. 18. The deadline for amending pleadings had been suggested by the parties. Doc. 16 at 4. On June 17, 2010, Plaintiff moved to amend his complaint. Doc. 20. The Court granted the motion. Doc. 25. The first amended complaint contains additional factual allegations and pleads two sections

1  of the FDCPA that Defendant allegedly breached. *Compare* Doc. 26 *with* Doc. 1.

2  On August 18, 2010, shortly before the close of discovery and two months after the
3  cutoff date for amending pleadings, Plaintiff filed a motion for leave to submit a second
4  amended complaint. Doc. 32. The proposed second amended complaint "corrects the
5  Defendant's name, introduces additional claims under the [FDCPA]," makes additional
6  factual allegations regarding previously-asserted claims, and seeks to add a new defendant,
7  Ad Astra Recovery Services, Inc. ("Ad Astra"). *Id.*

8  Plaintiff argues that leave to amend a complaint should be freely given under Federal
9  Rule of Civil Procedure 15. Doc. 32. The controlling rule after a scheduling order has been
10 entered, however, is Rule 16(b). Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations,*
11 *Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The timeline set by a scheduling order may be
12 modified "only for good cause." Fed. R. Civ. P. 16(b)(4). Good cause exists when the
13 scheduling order cannot reasonably be met despite the diligence of the party seeking the
14 extension. *See Johnson*, 975 F.2d at 609.

15 Plaintiff asserts that he has good cause to file a late amendment because he learned
16 new information from discovery responses on August 4 and the deposition of Defendant's
17 corporate representative on August 6. Doc. 32. This information, in Plaintiff's view, gave
18 rise to additional claims, surfaced adequate facts to permit the addition of Ad Astra, and
19 provided additional facts to support the existing claims. *Id.* For example, Plaintiff asserts
20 that he obtained confirmation that the identity of the creditor in one of Defendant's letters
21 was incorrect; confirmation that Defendant was unable to take the actions with which it
22 allegedly threatened Plaintiff during debt-collection efforts; confirmation that Defendant's
23 lack of knowledge or competence caused its failure to separate interest and principal in its
24 written communications with Plaintiff as required by law; facts allowing Plaintiff to
25 challenge Defendant's charge of attorneys' fees; and additional facts about Ad Astra having
26 engaged Defendant as an agent, which would allegedly subject Ad Astra to vicarious liability
27 for Defendant's actions. *Id.*

28 Defendant responds by arguing that Plaintiff knew about Ad Astra from one of

Defendant's pre-suit collection letters and could have asked Defendant directly who Ad Astra was; additional factual support for existing claims does not justify a late amendment; Defendant's failure to calculate Plaintiff's amount due had already been alleged in the prior complaint; and Defendant was awarded attorneys' fees as part of a prior default judgment that cannot be disturbed under the *Rooker/Feldman* doctrine. Doc. 35. Defendant also concedes that additional factual allegations are not required to be pled for existing claims. Doc. 35 at 3-5. Moreover, Defendant argues that it will be prejudiced by the amendment because "discovery will have to be re-opened and all pending deadlines will have to be moved." Doc. 35.

The inquiry under Rule 16(b) focuses on the diligence of the party seeking the extension. *Johnson*, 975 F.2d at 609. Plaintiff's counsel had offered the June 18 amendment deadline at the scheduling conference, Plaintiff had sufficient notice that Ad Astra was involved from the collection letter Plaintiff received before filing this suit, and Plaintiff could have made a timely discovery request to establish Ad Astra's identity. Plaintiff has not shown that it made such a request or that a deposition was required to establish this fact. Accordingly, because Plaintiff has not shown good cause for its delay, Plaintiff may not amend the complaint to add Ad Astra as a defendant.

With regard to the new facts against Defendant Mecham regarding existing claims, Defendant has conceded that no new facts need to be pled for existing claims. And as to the facts establishing new claims against Defendant, Plaintiff was aware of these facts before the amendment deadline and has not shown good cause why the claims were not alleged in time. Plaintiff had received two letters in 2009, one of which named the creditor as Ad Astra and another that named Speedy Cash. Doc. 32 at 3-4. Based on the conflicting letters, Plaintiff could have timely added the claim for "false representation." Alternatively, Plaintiff could have sought out the correct creditor's identity through a timely discovery request. Plaintiff fails to show good cause for not taking either of these approaches. Moreover, with regard to the claim regarding imposition of attorneys' fees, Plaintiff has not shown good cause why it did not timely confirm during discovery whether the fees were assessed appropriately.

1  The Court informed the parties at the case management conference that it would seek
2 to limit the cost and length of this litigation, consistent with Rule 26(b)(2)(C)(iii), given the
3 relatively modest amounts in dispute.  The Court then discussed the amount of discovery
4 needed and set limits on the discovery consistent with the parties' estimates.  Doc. 18.  The
5 Court encouraged the parties to think about possible amendments within the time allotted for
6 amending pleadings.  Had Plaintiff raised the fact that Ad Astra had been identified in at least
7 one letter he received and the other issues of which he had notice, the Court would have
8 taken these into account in setting the discovery schedule.  Alternatively, Plaintiff could have
9 deposed Defendant's representative before the amendment deadline to ensure he had all
10 information necessary for amendment of the complaint.  Plaintiff did neither, and the Court
11 cannot conclude that he has not shown good cause for amending the schedule in this case and
12 adding a new party after the discovery period has expired.

13  **IT IS ORDERED** that Plaintiff's motion to amend (Doc. 32) is **denied**.

14  DATED this 20th day of October, 2010.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge

- 4 -