**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Araiza, | No. CV10-0188 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Milton Kent Mecham doing business as Mecham & Associates, Chartered, | |
| Defendant. | |

Plaintiff Alejandro Araiza moves for reconsideration of this Court's order denying leave to amend (Doc. 42). Doc. 46. The Court will deny Plaintiff's motion.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct.15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N. W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

1 Courts in this district have identified four circumstances where a motion for
2 reconsideration will be granted: (1) the moving party has discovered material differences in
3 fact or law from those presented to the Court at the time of its initial decision, and the party
4 could not previously have known of the factual or legal differences through the exercise of
5 reasonable diligence, (2) material factual events have occurred since the Court's initial
6 decision, (3) there has been a material change in the law since the Court's initial decision,
7 or (4) the moving party makes a convincing showing that the Court failed to consider
8 material facts that were presented to the Court at the time of its initial decision. *See, e.g.,*
9 *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

10 Plaintiff's motion fails to satisfy the above factors. Plaintiff argues that it moved to
11 amend immediately after learning new facts that "supported new claims and the addition of
12 a party, Ad Astra Recovery Services." Doc. 46 at 6. He also states that "Defendant did not
13 provide answers and/or response to Plaintiff's initial discovery requests" issued on April 19,
14 two months prior to the June 18 amendment deadline set forth in the Court's May 20
15 scheduling order (Doc. 18). Plaintiff asserts that Defendant answered amended discovery
16 requests only on August 4. *Id.* at 3. Plaintiff further asserts that "[h]ad this Court not limited
17 Plaintiff's ability to conduct discovery, and had this Court required that Defendant answer
18 and/or respond to already-served interrogatories, requests for production, and requests for
19 admission, the perceived deficiencies with Plaintiff's discovery efforts would have been
20 non-existent." *Id.* at 6.

21 The Court addressed these arguments in its previous order. *See* Doc. 42. The Court
22 also notes that Plaintiff never asked the Court to require that Defendant answer already-
23 served discovery, nor did Plaintiff ask the Court to adjust the discovery schedule or
24 limitations to accommodate Plaintiff's need for discovery. To the contrary, as noted in the
25 Court's previous order, the parties proposed the June 18, 2010 deadline for amending
26 pleadings, and the Court limited discovery as required by Rule 26(b)(2)(C)(iii) to ensure that
27 it was proportional to the modest amount at issue in this case.

28

1   **IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 46) is **denied**.

2   DATED this 1st day of December, 2010.

_____
David G. Campbell
United States District Judge