**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Araiza, | No. CV10-0188-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Milton Kent Mecham d/b/a Mecham & Associates, Chartered, | |
| Defendant. | |

The parties have filed cross-motions for summary judgment.  Docs. 40, 43.  The motions have been fully briefed.  Docs. 40, 41, 43, 44, 48, 49, 56-59.  For the reasons that follow, the Court will deny the Plaintiff's motion and grant in part and deny in part the Defendant's motion. [1]

**A.   Background.**

The undisputed or admitted facts are as follows. [2]  Plaintiff borrowed $500 from Galt Ventures d/b/a Speedy Cash ("Galt") on May 18, 2008.  Doc. 44 ¶ 1.  Galt later retained a debt collection agency known as Ad Astra Recovery Services, Inc. ("Ad

---

[1] The parties' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Defendant's response to Plaintiff's statement of facts states, with respect to some of Plaintiff's factual assertions as to the contents of Defendant's letters, that the letters are the best evidence of their content.  *E.g.*, Doc. 58 at 2.  The Court does not interpret this as a denial, and will deem Plaintiff's factual assertions that are not disputed by Defendant as admitted for purposes of the motion for summary judgment.  LRCiv 56.1(b).

Astra") to collect the debt, and Ad Astra retained Defendant law firm to pursue legal action on behalf of Galt.  *Id.* ¶¶ 2-3.  Defendant filed suit in Arizona justice court, and the court entered default judgment for Galt on August 4, 2009.  *Id.* ¶¶ 4-5.  The judgment comprised a principal sum of $613.24, attorney fees of $500, and costs of $125, for a total of $1,238.24.  *Id.* ¶ 6.  The judgment also ordered interest at 10%.  *Id.*

On August 11, 2009, Defendant sent a letter to Plaintiff ("First Letter") asserting the judgment balance to be $1,240.65 plus interest, and encouraging Plaintiff to contact Defendant and make payment arrangements to avoid garnishment.  *Id.* ¶ 9, 11.  Plaintiff did so, and on August 21, 2009, Defendant sent another letter ("Second Letter") setting forth the terms allegedly agreed upon between the parties and stating that "failure to abide by these arrangements will void this offer and we will immediately proceed with a garnishment of [Plaintiff's] wages."  *Id.* ¶ 13.  The Second Letter stated a balance of $1,244.09 and did not itemize principal and interest.  *Id.* ¶ 15.  On November 19, 2009, a writ of garnishment was issued (*id.* ¶ 20), and Plaintiff's account was paid in full by March 24, 2010 (*id*. ¶ 24; Doc. 58 at 4).  On May 5, 2010, Plaintiff filed this action.  Plaintiff's amended complaint alleges violations of the federal Fair Debt Collection Practices Act ("FDCPA") in two counts.  Doc. 26.

Count I alleges a violation of 15 U.S.C. § 1692e(5), more specifically a "threat to take [an] action that cannot legally be taken or that is not intended to be taken."  Doc. 26 at 4.  Plaintiff alleges that Defendant violated this statute when it threatened, in the Second Letter, to proceed "immediately" with garnishment of Plaintiff's wages, despite it actually intending to proceed only three months later and knowing that garnishment would take at least 45 days.  Doc. 26 at 5; Doc. 44 ¶ 21.  Defendant allegedly violated this statute again when, in a conversation with Plaintiff, a member of Defendant's staff allegedly led Plaintiff to believe that his wages would be garnished in excess of the amount permitted by law.  *See* Doc. 26 at 5; Doc. 44 ¶ 17; Doc. 43 at 11.

Count II alleges violations of 15 U.S.C. § 1692e(2)(A), false representation of the

"character, amount, or legal status of any debt."  Doc. 26 at 6.  Defendant allegedly violated the statute when, in the First Letter, Defendant stated Plaintiff's owed amount to be "$1,240.65 plus interest" rather than the "$1,238.24 plus interest" ordered by the default judgment.  *Id.* at 7.  In his motion for summary judgment, Plaintiff additionally asserts that Defendant violated the statute by incorrectly identifying the creditor in the Second Letter – i.e., naming the creditor as Ad Astra rather than Galt.  Doc. 43 at 12-13. Otherwise the arguments in Plaintiff's motion for summary judgment track the amended complaint.  *See* Doc. 43.  Defendant's motion for summary judgment asserts that the alleged monetary misstatements are not material, the statements regarding garnishment were not misleading, and Defendant did not indicate it would garnish wages more than permitted by law.  Doc. 40.

**B.    Legal Standards.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The FDCPA is a strict liability statute."  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (citing *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008)).  "Whether conduct violates [§ 1692e] requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'"  *Id.* (citing *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th

Cir. 2007)).  "[F]alse but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [§ 1692e]."  *Id.* at 1033. "In assessing FDCPA liability, [the Ninth Circuit is] not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."  *Id.* at 1034.

**C.   Discussion.**

**1.   Count I – 15 U.S.C. § 1692e(5).**

Section 1692e(5) prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken."

**(a)   The Second Letter.**

Plaintiff alleges the Second Letter threatened to proceed with immediate garnishment if Plaintiff breached the terms of the letter, despite the fact that immediate garnishment was neither possible nor intended.  Doc. 26 at 5; Doc. 44 ¶ 21; *see* Doc. 43 at 9.[3]  Defendant asserts that, in light of the fact that Defendant had a default judgment in hand, there was "no legal impediment to the commencement of a garnishment proceeding."  Doc. 57 at 3.  Defendant also brushes aside the significance of the word "immediately" by asserting that Defendant "meant what was said and followed through: 'If you don't abide by and live up to the payment plan, we will file a garnishment proceeding.'"  *Id.*  The Second Letter, attached as Plaintiff's exhibit 7, contains the following language: "If all payments are made when promised [($75 per month)], then this office will not take any action to collect the judgment against you.  However, failure to abide by these arrangements will void this offer and *we will immediately proceed with a garnishment of your wages*."  Doc. 44-1 at 40 (emphasis added).  Defendant does not

---

[3] Plaintiff's motion for summary judgment lists the date of this letter as being August 11, 2009.  This date, however, corresponds to the date of the First Letter.  *See* Doc. 44-1 at 34.  The word "immediately" does not appear in the First Letter.  Doc. 44-1 at 34.  The Court will read Plaintiff's motion as referring to the Second Letter, dated August 21, 2009, consistent with Plaintiff's amended complaint.  Doc. 26 at 5.

challenge Plaintiff's contention that "the legal process to obtain a garnishment would take approximately 45 days" (Doc. 43 at 10).  *See* Doc. 57.  Defendant also does not address the issue that, perhaps unbeknownst to Defendant, Plaintiff's wages at the time of the Second Letter may already have been under garnishment to the maximum extent permitted by law and therefore not subject to garnishment immediately.  *See* Doc. 57.

Defendant asserts that it did not follow through on its warning to garnish immediately because Plaintiff called and said that "a payment was coming."  Doc. 40 at 7-8.  Defendant also asserts that there is no evidence showing that Defendant did not intend to garnish Plaintiff's wages immediately.  *See* Doc. 40 at 7.

The Court does not find the word "immediately" to be so clear, or the facts to be sufficiently undisputed, to enter summary judgment for either party.  Whether the word was misleading and material in this factual situation are questions of fact to be decided by the jury.

### (b)    The Conversation.

Plaintiff alleges that in a conversation between Plaintiff and a member of Defendant's staff, Defendant's representative allegedly led Plaintiff to believe that his wages would be garnished for an amount greater than permitted by law.  Doc. 43 at 9.  Plaintiff's statement of facts points to the deposition of Kelly Brown, Defendant's representative, as well as to an excerpt from Plaintiff's deposition.  Doc. 44 ¶ 17-19.

Ms. Brown's deposition shows her awareness that the maximum wage garnishment is 25% of a person's disposable earnings, that if a person is already garnished at 25% a collector cannot garnish more, and that Plaintiff told her in a conversation around October 2009 that he was already being garnished.  Doc. 44-1 at 22.  Ms. Brown recalled that in their conversation she explained to Plaintiff that he "can have more than one garnishment, but the total amount that can be deducted from [his] wages is 25%."  *Id.* at 23.  She also framed her exact words as being: "So you could have another garnishment waiting, and as soon as one's paid off, the other one could automatically

start." *Id.*   When asked whether these were the exact explanations she provided to Plaintiff specifically, Ms. Brown responded: "That would be my standard answer to anybody." *Id.*

Plaintiff's deposition is not different.   When asked if he remembered any other discussion he had with Defendant's staff after the second call, Plaintiff answered: "It was more of the same, you know, they were going to garnish my wages if I didn't make a payment. . . The same thing occurred, where they told me they were going to garnish my wages on top of what I had."   Doc. 44-1 at 37.   When asked what Defendant's representative said, he answered: "She actually said, 'We are going to garnish your wages on top of what you have now.'" *Id.*[4]   But when asked to specify if he was told how much of his wages could be garnished, Plaintiff answered:   "Yes.   She said the max that they were allowed, which was 25 percent." *Id.*   When asked whether Defendant's representative stated that Defendant was going to "try to take more than 25 percent," Plaintiff answered "No." *Id.*

From this evidence, a reasonable jury could not conclude that Defendant threatened to garnish more than 25% of Plaintiff's wages.   Plaintiff does not argue that the 25% figure used by Defendant's representative is greater than what the law permits. Defendant is entitled to summary judgment on this issue.

> **2.**   **Count II – § 1692e(2)(A).**

> **(a)**   **The $2.41 Discrepancy.**

Defendant's First Letter states the judgment due was $1,240.65 plus interest.   The actual judgment called for a sum of $1,238.24 plus interest at 10%.   The judgment was entered on August 4, 2009, and the First Letter was dated August 11, 2009 – a difference of seven days.   An annual interest rate of 10%, using a 360-day year, would yield $2.41 of interest over seven days – the exact difference at issue here.   Plaintiff contends that even though the $2.41 discrepancy could account for the interest on $1,238.24, the First

---

[4] Plaintiff's excerpt stops at this point, although the transcript continues.

Letter is nonetheless materially false because it indicated, through the words "plus interest," that interest would also accrue on the $2.41 and that the judgment principal totaled $1,240.65.  Doc. 48 at 13-16.  Defendant notes that the First Letter also "enclosed a copy of the actual default judgment" that contained accurate figures.  Doc. 40 at 4 n.2; Doc. 41 ¶ 8.[5]

In light of these facts, the Court finds that a reasonable jury could not return a judgment finding that Defendant violated § 1692e(2)(A).  Because the judgment was enclosed with the First Letter and the judgment sum totaled $1,238.24 plus interest, even the least sophisticated consumer would realize that $1,240.65 could not have been the judgment amount on which interest accrues.

Even if the Court were to apply a subjective test and conclude that Plaintiff genuinely interpreted the First Letter as asserting interest would also accrue on the $2.41 difference (interest of $0.24 per year at 10% interest), Plaintiff has shown no facts from which a reasonable jury could find that this frustrated Plaintiff's ability to choose his response, nor that such a minor misrepresentation was material.  The Court will grant summary judgment to Defendant on this issue.

**(b)    Ad Astra.**

Plaintiff argues that the Second Letter further violated § 1692e(2)(A) by identifying the creditor as Ad Astra rather than Galt (Doc. 43 at 12-13), and thereby created the impression that Plaintiff owed two debts to two different creditors (Doc. 48 at 17:1-4).  Defendant responds that the misidentification is not material.  Doc. 57 at 2.

The Second Letter states in the "Re:" line "Ad Astra Recovery Services Inc.," and underneath lists the account number as being "0012-P-000949081" and the balance as $1,244.09.  Doc. 44-1 at 40.  The letter also states that "[t]his letter will serve as confirmation of the arrangements that we discussed."  *Id.*  Plaintiff does not dispute that

---

[5] Plaintiff's response to Defendant's statement of facts does not dispute that the First Letter enclosed a copy of the judgment.  *See* Doc. 56 ¶ 8.

he talked with Defendant's staff about the Galt debt after the First Letter, and does not allege that he discussed any topic with Defendant other than the Galt debt. The reference to the discussion, therefore, removes any doubt created by the "Re:" line as to the debt in question for even the least sophisticated consumer. The Court finds that a reasonable jury could not return a judgment finding that Defendant violated § 1692e(2)(A), and will grant summary judgment to Defendant on this issue.

**IT IS ORDERED:**

1.    Defendant's motion for summary judgment (Doc. 40) is **granted in part** and **denied in part** as stated above.

2.    Plaintiff's motion for summary judgment (Doc. 43) is **denied**.

3.    The Court will set a final pretrial conference by separate order.

Dated this 1st day of March, 2011.

_David G. Campbell_
_____
David G. Campbell
United States District Judge